UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW SCHOENSTEIN, et al., | Civil Action No. 13-6803 (BRM) |
| Plaintiffs, | |
| v. | MEMORANDUM OPINION |
| RICHARD E. CONSTABLE, III, COMMISSIONER, | |
| Defendant. | |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiffs Matthew Schoenstein, Russell Muldowney, The Hansen Foundation, Inc., Hansen House, LLC, and Ole Hansen & Sons, Inc.'s ("Plaintiffs") Motion for Leave to File a Second Amended Complaint. [Docket Entry No. 75]. Defendant Richard E. Constable, III, Commissioner of the Department of Community Affairs ("Defendant") opposes Plaintiffs' motion. [Docket Entry No. 77]. The Court has fully reviewed the arguments made in support of and in opposition to Plaintiffs' motion. The Court considers Plaintiffs' motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiffs' motion to amend is GRANTED.

I. **Background and Procedural History**

On November 18, 2013, Plaintiffs filed a Complaint alleging a violation of rights under the Fair Housing Act (count I), the Americans with Disabilities Act (count II), and the Rehabilitation Act of 1973 (count III) against Defendant. [Docket Entry No. 1]. Plaintiffs allege that Defendant has violated their rights by failing to grant Plaintiffs' request for a reasonable accommodation pursuant to 42 U.S.C. § 3604(f)(3)(B), as the Department of Community Affairs

1

("DCA") refused to waive certain regulations for Plaintiffs' property located at 6 Braddock Drive in Somers Point, New Jersey, also called the Randy Scarborough Serenity House. [*Id.*]. Defendant filed a Motion to Dismiss the Complaint on January 21, 2014. [Docket Entry No. 13]. On February 2, 2014, Plaintiffs filed an Amended Complaint, adding three new counts, alleging rights violations under the New Jersey Law against Discrimination (count IV), the New Jersey Civil Rights Act (count V), and the New Jersey Administrative Procedures Act (count VI) against Defendant. [Docket Entry No. 14]. Defendant filed a Motion to Dismiss the Amended Complaint on March 10, 2014. [Docket Entry No. 16]. The District Court, on November 26, 2014, dismissed Plaintiffs' state claims due to a lack of subject-matter jurisdiction, pursuant to the Eleventh Amendment, but permitted Plaintiffs' federal law claims to proceed. [Docket Entry No. 27]. On January 5, 2015, Defendant filed an answer to the Amended Complaint. [Docket Entry No. 29].

In a parallel proceeding, the Superior Court of New Jersey – Appellate Division rendered a decision on August 31, 2017 remanding the state proceeding to the DCA, stating that Plaintiffs could apply for an exemption from the rooming and boarding house licensure requirements. Due to this decision, the District Court administratively terminated the case, with parties' consent, on October 20, 2017. [Docket Entry 68]. Plaintiffs reserved the right to reinstate the case at a later date. [Docket Entry No. 67].

In early January 2018, DCA denied Plaintiffs' request for an exemption. Upon this denial, Plaintiffs expressed an interest in re-opening this case. The case was re-opened on February 2, 2018 by an Order of the District Court. [Docket Entry No. 72]. The February 2, 2018 order provided that Plaintiffs could file a motion seeking leave to file an Amended Complaint by

March 9, 2018. [Docket Entry No. 72]. Plaintiffs filed the instant Motion for Leave to File a Second Amended Complaint on March 12, 2018. [Docket Entry No. 75].

Defendant argues that Plaintiffs' motion should be denied because Plaintiffs filed a second federal court lawsuit that deals with the same subject matter (*Reed, et al. v. Sheila Oliver, Commissioner* (Civil Action No. 18-4560-BRM-TJB)) on March 28, 2018. (Def.'s Br. in Opp'n at 2.) In the *Reed* action, Plaintiffs allege violations of the Fair Housing Act, the Americans with Disabilities Act, the Rehabilitation Act of 1973, the New Jersey Law Against Discrimination, the New Jersey Civil Rights Act, and the New Jersey Administrative Procedures Act, as the DCA refused to waive certain regulations for five of Plaintiffs' other properties. (*Reed* Compl. at 2). These are the same statutes under which Plaintiffs brought claims in the instant case, but the allegations concern different properties owned by Plaintiffs. [*See* Docket Entry No. 14; *Reed* Compl. at 2]. Defendant asserts that the claims in this action and the *Reed* action are overlapping, and that there should not be two such cases pending at the same time. (Def.'s Br. in Opp'n at 2.) Defendant further states that if litigation concerning the Randy Scarborough Serenity House is to continue at all, it should be in the same lawsuit as the other five properties. (*Id.*). Defendant states that the *Reed* Complaint alleges the same basic facts and history as this matter and requests almost identical relief. (*Id.*). Plaintiffs state that they do not oppose consolidating the two matters under one docket number. (Pls'. Reply Br. at 3.)

Defendant also argues that the motion should be denied as Plaintiffs have not exhausted state court remedies, because Plaintiffs could have appealed DCA's denial of their exemption request. (Def.'s Br. in Opp'n at 2.) In response, Plaintiffs state that Defendant made the same argument during the Motion to Dismiss, and that the District Court found abstention to be improper, even though concurrent litigation was occurring at the Appellate Division. (Pls'. Reply

Br. at 3.) Defendant also contends that the Motion for Leave to file an Amended Complaint should be denied as the proposed Amended Complaint is substantially similar to the Complaint that was administratively dismissed. (*Id.*) Plaintiffs respond by arguing that their Complaint has already been restored by the District Court and that that the February 2, 2018 Letter Order permitted the filing of the instant motion for leave to file an Amended Complaint. (Pls'. Reply Br. at 1-2.)

**II.    Analysis**

Pursuant to Rule 15(a)(2), leave to amend the pleadings is generally granted freely "when justice so requires." *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

In the first instance, the Court finds that Plaintiffs' motion is timely and there has been no undue delay. While the February 2, 2018 Letter Order called for Plaintiffs' Motion to be filed by March 9, 2018, Plaintiffs received Defendant's consent to submit the Motion on March 12, 2018. [Docket Entry No. 72; Docket Entry No. 74]. Plaintiffs timely filed the instant motion on March 12, 2018 in compliance with said Order and the Defendant's consent.

Further, the Court finds no dilatory motive or bad faith on Plaintiffs' part. Plaintiffs' motion to amend is based on actions that occurred after the case was administratively terminated with the consent of the parties on October 20, 2017. Additionally, in the February 2, 2018

4

Letter Order, the Court stipulated that Plaintiffs "may file a motion seeking leave to amend the complaint." [Docket Entry No. 72]. Under these circumstances, there is nothing remiss about Plaintiffs' request to amend, as Plaintiffs are complying with the terms of the February 2, 2018 Letter Order.

In addition, the Court finds that Plaintiffs' proposed amendments are not futile. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court utilizes the motion to dismiss standard under Rule 12(b)(6) (*see Alvin*, 227 F.3d at 121) and considers only the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief[.]" *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Put simply, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Additionally, in assessing a motion to

dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka*, 481 F.3d at 211.

For the purpose of assessing futility in the context of the instant motion to amend, the Court finds that Plaintiffs have satisfied their pleading requirements in the Second Amended Complaint. As noted by the parties, the only additions to the proposed Second Amended Complaint are facts that have transpired since the administrative dismissal of the case on October 20, 2017. *See* Def.'s Br. in Opp'n at 3; Pls.' Reply Br. at 2. Further, the claims in the proposed Second Amended Complaint are the same claims that were permitted to proceed when Defendant's Motion to Dismiss was granted in part and denied in part by the District Court on November 26, 2014. Therefore, as Plaintiffs' claims have met the plausibility pleading standard under Rule 12(b)(6) by surviving a motion to dismiss, the amendments are not futile.

Finally, the Court finds that Defendant will not be prejudiced by Plaintiffs' proposed amendments. Plaintiffs' Second Amended Complaint is based on the same circumstances and alleges the same claims as the current Complaint. Defendant does not raise any serious argument to the contrary.

Under these circumstances, the Court shall permit Plaintiff to file its proposed Second Amended Complaint. Plaintiff is directed to do so no later than **September 4, 2018**.

As for the suggestion that this case and the *Reed* case be consolidated, the Court will address consolidation of the cases after an Answer has been filed.

### III. Conclusion

For the reasons state above, Plaintiff's motion seeking leave to file a Second Amended Complaint is GRANTED. An appropriate Order follows.

Dated: August 21, 2018

                                                s/ Tonianne J. Bongiovanni
                                                **HONORABLE TONIANNE J. BONGIOVANNI**
                                                **UNITED STATES MAGISTRATE JUDGE**